# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# PALM BEACH DIVISION

BARRY WIENER,                )
                             )
        Plaintiff   )   Case No. 9:25cv80039
                             )
vs.                          )
                             )   JURY TRIAL DEMANDED
BOCA WEST COUNTRY CLUB,      )
INC., a Florida not for profit )
Corporation, JOHN W. JOYCE JR, )
individually, and MARIA TAITO, )
individually,                )

        Defendants

## VERIFIED COMPLAINT

COMES NOW the Plaintiff, Barry Wiener, by and through its undersigned counsel, and sues the Defendants, BOCA WEST COUNTRY CLUB, INC., a Florida not for profit Corporation (hereinafter "Club"), JOHN W. JOYCE JR (hereinafter "Joyce"), and MARIA TAITO (hereinafter Taito), individually, and hereby states:

## JURSIDICTION AND VENUE

1. This is an action at law and in equity against Defendants to address deprivation of rights, privileges and immunities secured under 42 U.S.C. §1981, as well as related civil torts committed against Plaintiff for defamation of character, and intentional interference with contractual relations and fraud.

1

2. This Court has jurisdiction and venue over this action pursuant to 42 U.S.C. 1981. Plaintiff further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. §1367 to address violation of Plaintiff's rights under state law, which arise under the same nucleus of operative facts and circumstances as Plaintiff's federal cause of action.

3. This is an action for damages that exceed $100,000.00 exclusive of interest, costs and attorneys' fees.

4. Plaintiff, Barry Wiener (hereinafter Barry) resides in Palm Beach County, Florida.

5. Defendant, Boca West Country Club, Inc. is a Florida not for profit corporation with its principal address at 20583 Boca West Drive, Boca Raton, FL 33431-7970.

6. Defendant John W. Joyce Jr. is an individual *sui juris* and resides in Palm Beach County at 419 Pine Tree Ct Apt 18, Lake Worth, FL 33462.

7. Defendant Maria Taito is an individual *sui juris* and resides in Palm Beach County

8. Venue of this action is proper in this Court as all causes of action arise in this county, and a defendant resides in this county. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the events giving rise to this claim occurred in this district.

**GENERAL ALLEGATIONS**

9. Plaintiff Barry is an Ashkenazi Jew, who complained about the Tennis Director in his country club behavior towards plaintiff and others as being antisemitic.

10. Plaintiff Barry was a member of the tennis team and played tennis and worked under the direction of John Joyce, Tennis Director.

11. Plaintiff is also a member of the club, and has a contractual relationship with them.

12. In retaliation for the protected discrimination complaint against Joyce, Joyce retaliated against him and caused the club to suspend him, causing Plaintiff to lose his position on the tennis team that was a benefit of his membership contract with the club, as well as losing all his club privileges, while still maintaining the obligation to pay all dues and fees forever (or at least as long as he remained owner of his home)

13. Plaintiff was suspended from the club for one year, removed from the club's sports teams permanently, among other things which was motivated by retaliation for the racial discrimination complaint.

14. Plaintiff Barry has participated in the tennis league for fifteen years without incident and more specifically on the Boca West's league for approximately seven years without incident, only to be barred from the team for life for an alleged and still after two hearings at the club for its undescribed allegation of unsportsmanlike conduct allegedly occurring in a five minute period during a match wherein he politely requested a line call, well within the rules of the league.

15. Plaintiff Barry only started to have issues with the club after he complained in writing to the club on January 25th, 2024, that "Based on my interaction with Mr. Joyce I consider him an antisemite and would be willing to prove this in a court of law."

16. In response, rather than investigate or consider the allegations, the club representative responded with an attempt to gag Mr. Weiner wherein he was asked to reconsider specifically we "…would encourage you to rethink it…".

17. On January 26, 2024, Plaintiff indicated that "I really do not want to proceed with any legal action against John Joyce for Antisemitism but firmly believe his actions have hurt members at Boca West."

18. Shortly thereafter, Mr. Joyce was informed of these communications and his assistant Defendant "Taito" proceeded to make a complaint at the direction of Mr. Joyce about a vague and undefined unsportsmanlike conduct charge against Plaintiff Barry allegedly occurring on March 12, 2024, that would eventually result in a retaliatory one year suspension from the club and permanent removal from the club's sport teams.

19. The Plaintiff Barry during the times relevant here joined the club to engage in the Tennis Program, and was at all times relevant herein a member of the Tennis Team, or Captain of the Tennis team.

20. The Defendant John Joyce was hired by the Club to Manage the tennis program in his role as Tennis Director.

21. The Defendant Maria Taito, is the assistant to John Joyce in the Tennis Program and is also an employee of the Club.

22. The Defendant John Joyce has engaged in multiple incidents of adverse conduct in his treatment of Plaintiff over the years that Plaintiff feels was based on an Anti-Sematic Bias against Plaintiff.

23. The Club conveyed the complaint of Anti-Semitism to Joyce privately, and Joyce retaliated against the Plaintiff Barry

24. The Club has a significant Jewish population.

## COUNT I
### Intentional Interference with a contractual relationship

25. Plaintiff readopts, realleges, and reincorporates paragraphs 1 through 24 as if fully restated herein.

26. The Club and Plaintiff have a contractual relationship related to Plaintiffs membership and the right to use and enjoy club facilities.

27. Defendants Joyce and Taito intentional interfered with that relationship by providing willfully false information falsifying Plaintiff's unsportsmanlike behavior to the club for the express purpose of having him thrown off the Tennis Team.

28. Defendants Joyce and Taito, intentional interfered with that relationship by lying about the Plaintiff, grossly exaggerating any alleged incidents with the Plaintiff and advocating for his life time ban from the team.

29. As the clubs hearings are conducted mostly behind closed doors with no right to cross examine, or even hear the witness against you, in what can only be called a "star-chamber" proceeding Joyce and Taito prevaricated against Plaintiff Barry sufficiently to have the club remove him. The full extent of their lies is currently unknown.

30. Defendant Joyce and Taito motivation was intentional and malicious, and specifically retaliatory for the complaint of antisemitism against Joyce, and was designed to malicious hurt Plaintiff and prevent others from coming forward against Joyce.

31. Defendants Joyce and Taito actions were not privileged, and were instead an intentional interference with the specific goal to have him removed in retaliation for his making a discrimination complaint against Joyce.

32. Plaintiff has been damaged by the intentional interference, in that he has been banned for life from the tennis team, the only reason he joined the club. Plaintiff is now forced to pay dues (or sell his house and pay to relocate including real estate commission, moving costs, redecorating costs, and a new membership elsewhere) without receiving any corresponding benefit due to the ban, and has thus lost damages in the amount of several hundred thousand dollars, the exact amount to be determined at trial.

Wherefore we pray for an award of actual, incidental and consequential damages, court costs, and such other and further relief as the court deems just and proper.

## COUNT II
### Defamation of Character

33. Plaintiff readopts, realleges, and reincorporates paragraphs 1 through 24 as if fully restated herein.

34. Plaintiff is a Tennis Player and Member of the Club, which is in turn a member of multiple Tennis Leagues all of which have rules and codes of sportsmen like conduct that must be abided by players in the league

35. In fact Plaintiff at one time was engaged in a teaching position related to teaching the rules of sportsmanlike conduct from 2015-2017 at Florida Atlantic University A.D. Henderson University School and as such is considered an expert on the topic.

36. Defendants Joyce and Taito are long time knowledgeable Tennis professionals and are aware of the rules of sportsmanlike conduct that apply to the various Tennis Leagues.

37. Defendants Joyce and Taito, intentional Defamed Plaintiff Barry by falsely stating his conduct playing Tennis was being "unsportsmanlike".

38. Within the context of League Tennis this refers to rule violations and undignified conduct.

39. Defendants Joyce and Taito made additional allegations against Plaintiff Barry to be found in discovery as the clubs hearings are conducted mostly behind closed doors with no right to cross examine, or even hear the witness against Plaintiff directly. In what can only be called a "star-chamber" proceeding Joyce and Taito prevaricated against Plaintiff Barry sufficiently to have the club remove him. The full extent of their false statements is currently unknown.

40. Defendant Joyce and Taito motivation was intentional and malicious, and specifically retaliatory for the complaint of antisemitism against Joyce, and was designed to malicious hurt Plaintiff and prevent others from coming forward against Joyce in the future.

41. The statements were published to the world in a public club newsletter, were published among the staff and membership of the Club, and among the board of Governors.

42. Plaintiff has been damaged by Defamation, in that he has been banned for life from the Tennis Team, the only reason he joined the club. Plaintiff is now forced to pay dues (or sell his house and pay to relocate including real estate commission, moving

costs, redecorating costs, and a new membership elsewhere) without receiving any corresponding benefit due to the ban, and has thus lost damages in the amount of several hundred thousand dollars, the exact amount to be determined at trial.

Wherefore we pray for an award of actual, incidental and consequential damages, court costs, and such other and further relief as the court deems just and proper.

### COUNT III - 42 U.S.C. § 1981, which prohibits racial discrimination in the making and enforcement of contracts. Against All Defendants

43. Plaintiff readopts, realleges, and reincorporates paragraphs 1 through 24 as if fully restated herein.
44. Plaintiff is an Ashkenazi Jew, who complained about the Tennis Director in his country club engaging in what he felt was Anti-Semitic behavior towards himself and other Jewish members of the club over the years.
45. Plaintiff was also a member of the Tennis Team, and played Tennis and worked under the direction of John Joyce, Tennis Director.
46. Plaintiff is also a member of the club, and has both a contractual relationship with the club as a member, and an quasi-employment relationship with Joyce as a tennis player under his direction and control.
47. Almost immediately after Plaintiff filed a complaint of wrongful behavior falling under the anti-discrimination laws of **42 U.S.C. § 1981 Defendant** retaliated against him by causing a false complaint of unsportmenship like conduct to be filed against

him resulting in a life time suspension from the Tennis Team, and a minimum one year suspension from the club, among other penalties.

48. **42 U.S.C. § 1981 (b) provides** "For purposes of this section, the term "make and enforce contracts" includes the making, **performance**, modification, and termination of contracts, **and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.**"

49. Plaintiff had a contract with the Club, for which the Defendants Joyce and Taito intentional interfered with both in their individual capacities and in their capacities as employees of the club, which they interfered with and eliminated Plaintiff Barry's "…..**enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." Specifically including his right to play Tennis on the Tennis team being eliminated forever, and his minimum one year suspension from all club facilities.**

50. 42 U.S.C. § 1981 has been held to have a retaliation component such that retaliation for the reporting of discrimination is prohibited hereunder.

51. **Joyce** both directly and through his proxy Taitio intentional retaliated against Plaintiff for filing the discrimination complaint and thus caused having him removed from the team for life, and removed from the club, while still being responsible to pay dues.

52. The Club is vicariously liable for the actions of its employees while performing there duty.

53. The Club is also liable for its own actions in supporting the willful retaliation. The club was notified of the retaliation motivation and responded by sending a demand

letter on June 26th, 2024 that stated "The Club hereby demands that a written retraction of those false, unsubstantiated and libelous statements related to anti-Semitism, or the support of anti-Semitism be immediately provided to the Club and, in any event, no later than Wednesday, July 3, 2024." This letter was issued after the affirmation of his suspension for one year and life time ban from the tennis league which the circumstances show was not for any unsportsmanlike conduct but for complaining about what he perceived to be antisemitism by the Tennis Director.

54. Further communications from the club made clear the implied threat to further retract the statements about antisemitism or face additional disciplinary and punitive measures by the club. The club essentially demanded concrete proof of discrimination which is almost never available in these types of cases.

55. This has caused great financial harm to Plaintiff who must pay for services he is not receiving, has been banned from services he paid significant non-refundable membership fees for and will have to literally move from the community, losing money on a house sale, relocation, movers, furnishing, and time and inconvenience among other damages.

56. He has further lost his only passion in life, his social relationships, and needed exercise for health reasons.

57. Defendant's actions constitute racial discrimination in violation of 42 U.S.C. § 1981.

58. Plaintiff seeks compensatory damages in the amount of $1,500.000.00.

59. Plaintiff after a proper showing, intends to move the court to seek punitive damages.

60. Plaintiff also seeks injunctive relief requiring the Club to reinstate his membership, attorney's fees, expenses, and court costs, and to cease participating in discriminatory

retaliation in the future.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Award compensatory damages in an amount to be determined;

B. Award punitive damages after a proper motion and court order allowing for same

C. Grant injunctive relief as appropriate;

D. Award attorney's fees and costs; and

E. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action of all issues so triable.

## RESERVATION OF RIGHTS

Plaintiff reserves the right to further amend this Complaint, upon completion of his investigation and discovery, to assert any additional claims for relief against Defendant or other parties as may be warranted under the circumstances and as allowed by law.

## VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing Complaint, and all the facts alleged therein are true and correct to the best of my/our knowledge and belief.

Executed on this ___27th___ day of December, 2024.

_____
Barry Wiener

           Neil Bryan Tygar, P.A.
           Attorneys for Plaintiffs
           By:    _/s/ Neil Tygar_
           NeilTygar
           Executive Square Plaza
           5341 West Atlantic Avenue, Suite 303
           Delray Beach, FL 33484
           561-455-0280 Phone
           561-305-6510 Cellular Phone
           561-455-0281 Fax
           Florida Bar No. 0911100
           **Primary E-Mail Address: ntygar@me.com**
           **Secondary E-Mail neiltygarlaw@gmail.com**