UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-80039-RLR

BARRY WIENER,

    Plaintiff,

v.

BOCA WEST COUNTRY CLUB, INC.,
JOHN W. JOYCE, JR., individually, and
MARIA TAITO, individually,

    Defendants.
_____/

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

**THIS CAUSE** arises out of Plaintiff Barry Wiener's suspension from his country club and his removal from the club tennis team. Plaintiff has sued Defendants Boca West Country Club, Inc. (the "Club"), John W. Joyce, Jr. ("Joyce"), and Maria Taito ("Taito") (collectively, "Defendants") for the following counts: (I) intentional interference with a contractual relationship; (II) defamation of character; and (III) retaliation in violation of 42 U.S.C. § 1981. DE 1.

Defendants have moved to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). DE 16. The Court has reviewed the Motion, Plaintiff's Response [DE 17], Defendant's Reply [DE 19], and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Motion to Dismiss is **GRANTED** as more fully set forth in this Order.

### I.    BACKGROUND

Plaintiff's background factual allegations are as follows. Plaintiff is a member of Defendant Boca West Country Club, Inc. (the "Club"), where he played on the tennis team under Defendant John W. Joyce, Jr. ("Joyce"), the Club's tennis director. DE 1 ¶¶ 9–11. Plaintiff has

played in the Club tennis league for approximately seven years. *Id.* ¶ 14.  Plaintiff is Ashkenazi Jewish, *id.* ¶ 9, and the Club has a significant Jewish population, *id.* ¶ 24.  Plaintiff alleges that over the years, Joyce has engaged in "multiple incidents of adverse conduct in his treatment of Plaintiff," which "Plaintiff feels was based on an Anti-Sematic [*sic*] Bias against Plaintiff." *Id.* ¶ 22.

On January 25, 2024, Plaintiff submitted a written complaint to the Club stating that "Based on my interaction with Mr. Joyce I consider him an antisemite and would be willing to prove this in a court of law." *Id.* ¶ 15.  After Plaintiff submitted his complaint, the Club "encourage[d Plaintiff] to rethink" taking legal action. *Id.* ¶ 16.  The Club privately conveyed the complaint of antisemitism to Joyce. *Id.* ¶¶ 18, 23.  Joyce's assistant, Defendant Mario Taito ("Taito"), then "proceeded to make a complaint at the direction of Mr. Joyce about a vague and undefined unsportsmanlike conduct charge against Plaintiff Barry allegedly occurring on March 12, 2024, that would eventually result in a retaliatory one year suspension from the club and permanent removal from the club's sports teams." *Id.* ¶ 18.

Plaintiff alleges that in response to his complaint of discrimination against Joyce, Joyce retaliated and caused the Club to suspend Plaintiff, causing Plaintiff to permanently lose his position on the tennis team as well as his Club privileges, "while still maintaining the obligation to pay all dues and fees forever (or at least as long as he removed [*sic*] owner of his home)." *Id.* ¶ 12.

On January 9, 2025, Plaintiff initiated this suit against Defendants for the following counts: (I) intentional interference with a contractual relationship; (II) defamation of character; and

(III) retaliation in violation of 42 U.S.C. § 1981. DE 1.  Defendants have moved to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). DE 16.

## II.     STANDARD OF REVIEW

A court may grant a motion to dismiss a complaint if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion to dismiss should be granted only when the pleading fails to contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint must contain more than labels, conclusions, a formulaic recitation of the elements of a cause of action, and naked assertions devoid of further factual enhancement. *Id.*  The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully").

A court ruling on a motion to dismiss a complaint accepts the well-pled factual allegations as true and views the facts in the light most favorable to the plaintiff. *Jones v. Fransen*, 857 F.3d 843, 850 (11th Cir. 2017).  The court need not accept legal conclusions couched as factual allegations. *Diverse Power, Inc. v. City of LaGrange*, 934 F.3d 1270, 1273 (11th Cir. 2019).  Dismissal for failure to state a claim is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the [plaintiff's] allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

### III.     ANALYSIS

Defendants argue that Plaintiff has pled insufficient facts to support Plaintiff's claims. DE 16 at 4. The Court addresses in turn each of Plaintiff's defamation (Count II), 42 U.S.C. § 1981 (Count III), and intentional interference (Count I) claims.

**A.     Count II – Defamation of Character**

Defendants argue that Plaintiff's defamation claim against Joyce and Taito should be dismissed because (1) Plaintiff has failed to adequately allege the specific facts of the alleged defamation, (2) the alleged statement was of pure opinion and therefore not actionable as a matter of law, and (3) any statements were qualifiedly privileged. DE 16 at 10–12.

"Defamation under Florida law has these five elements: (1) publication; (2) falsity; (3) the statement was made . . . at least negligently on a matter concerning a private person; (4) actual damages; and (5) the statement must be defamatory." *Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018). "A defamatory statement does not become actionable, however, until it is published or communicated to a third person; statements made to the person alleging the defamation do not qualify." *Am. Airlines, Inc. v. Geddes*, 960 So. 2d 830, 833 (Fla. Dist. Ct. App. 2007). "True statements, statements that are not readily capable of being proven false, and statements of pure opinion are protected from defamation actions by the First Amendment." *Turner*, 879 F.3d at 1262.

Defendants first argue that Plaintiff has not and cannot allege sufficient details to support any false statement made by Joyce or Taito to support a claim for defamation. DE 16 at 10. Plaintiff's relevant factual allegations in support of his defamation claim are as follows:

> 14. Plaintiff [was] . . . barred from the team for life for an alleged and still after two hearings at the club for its undescribed allegation of unsportsmanlike conduct allegedly occurring in a five minute period during a match wherein he politely requested a line call, well within the rules of the league.

4

>   18. . . . [Taito] proceeded to make a complaint at the direction of Mr. Joyce about a vague and undefined unsportsmanlike conduct charge against Plaintiff Barry allegedly occurring on March 12, 2024, that would eventually result in a retaliatory one year suspension from the club and permanent removal from the club's sport teams.
>
>   37. Defendants Joyce and Taito intentional Defamed Plaintiff Barry by falsely stating his conduct playing Tennis was being "unsportsmanlike".
>
>   38. Within the context of League Tennis this refers to rule violations and undignified conduct.
>
>   39. Defendants Joyce and Taito made additional allegations against Plaintiff Barry to be found in discovery as the clubs hearings are conducted mostly behind closed doors with no right to cross examine, or even hear the witness against Plaintiff directly. In what can only be called a "star-chamber" proceeding Joyce and Taito prevaricated against Plaintiff Barry sufficiently to have the club remove him. The full extent of their false statements is currently unknown.
>
>   40. Defendant Joyce and Taito motivation was intentional and malicious . . . .
>
>   41. The statements were published to the world in a public club newsletter, were published among the staff and membership of the Club, and among the board of Governors.
>
>   42. Plaintiff has been damaged by Defamation, in that he has been banned for life from the Tennis Team, the only reason he joined the club. . . .

DE 1.

As pled, Plaintiff has alleged the elements of (1) publication, *id.* ¶ 41; (2) falsity, *id.* ¶ 37; (3) at least negligence on Joyce and Taito's behalf, *id.* ¶ 40; and (4) actual damages, *id.* ¶ 42. The fifth element—that the statements be defamatory—requires that Plaintiff adequately allege the substance "with sufficient particularity to enable the court to determine whether the publication was defamatory." *See Edward L. Nezelek, Inc. v. Sunbeam Television Corp.*, 413 So. 2d 51, 55 (Fla. Dist. Ct. App. 1982).

Plaintiff has alleged only that Joyce and Taito referred to his tennis-playing conduct as "unsportsmanlike." Plaintiff otherwise alleges that the full extent of Joyce and Taito's false

5

statements are unknown because they took place in the context of a closed-door meeting. DE 1 ¶ 39.  But Plaintiff has also alleged that defamatory statements "were published to the world in a public club newsletter, were published among the staff and membership of the Club, and among the board of Governors." *Id.* ¶ 41.  Plaintiff has not detailed the substance of these publications—an omission that is particularly glaring when, according to the allegations, the allegedly defamatory statements are contained in a written, publicly accessible Club newsletter.

Because Plaintiff has not sufficiently described the defamatory statements, the Court is unable to assess whether the statements are indeed pure opinions that are protected by the First Amendment. *See also Five for Ent. S.A. v. Rodriguez*, 877 F. Supp. 2d 1321, 1328 (S.D. Fla. 2012) (stating that in a defamation case, "a plaintiff must allege certain facts such as the identity of the speaker, a description of the statement, and provide a time frame within which the publication occurred").  Therefore, because Plaintiff has not sufficiently pled all elements of his defamation claim, the Court does not reach Defendants' remaining arguments and Defendants' motion to dismiss is **GRANTED** as to Count I.  Plaintiff's defamation claim is dismissed with leave to amend.

**B.      Count III – Violation of 42 U.S.C. § 1981**

Against Defendants Joyce, Taito, and the Club, Plaintiff asserts a 42 U.S.C. § 1981 claim for "racial discrimination in the making and enforcement of contracts." DE 1 at 8.  The Court agrees with Defendants, however, that Plaintiff has failed to clearly state his § 1981 claim.

First, Plaintiff's Complaint appears to conflate two distinct legal theories for racial discrimination and retaliation.  Plaintiff refers to a "retaliation component" in § 1981 and refers frequently to "intentional retaliat[ion]" and "willful retaliation." *Id.* ¶¶ 50, 51, 53.  But Plaintiff

then asserts that Defendants' "actions constitute racial discrimination in violation of 42 U.S.C. § 1981." *Id.* § 57. Indeed, Plaintiff states in his Response that the Complaint intends to allege both discrimination and retaliation. DE 17 at 9. Plaintiff therefore fails to clearly state his § 1981 claims because "a cause of action for retaliation under § 1981—which 'includes retaliation for a plaintiff's opposition to race discrimination, whether or not he personally is the victim of that race discrimination'—is 'separate and distinct' from a cause of action for race discrimination under § 1981." *Baker v. Kelly Smith, LLC*, 977 F. Supp. 2d 1231, 1235 (M.D. Fla. 2013) (quoting *Tucker v. Talladega City Schools*, 171 F. App'x 289, 295 (11th Cir. 2006)).

Second, Plaintiff's Complaint confusingly alleges the factual and legal bases for liability as to each of the Defendants. Under the single count, Plaintiff asserts that "Joyce both directly and through his proxy Taitio intentional retaliated against Plaintiff," that the "Club is vicariously liable for the actions of its employees while performing there duty," and that the "Club is also liable for its own actions in supporting the willful retaliation." DE 1 ¶¶ 51–53 (errors in original).

As pled, Count III of Plaintiff's Complaint impermissibly combines different counts into a single cause of action and asserts multiple claims against multiple defendants without making clear which defendant is responsible for which act. *See Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir. 2019) (describing shotgun pleadings). Defendants' Motion is therefore **GRANTED**, and Plaintiff's § 1981 claim is dismissed with leave to amend. *See* Fed. R. Civ. P. 10(b) ("If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.").

**C.**     **Count I – Intentional Interference with a Contractual Relationship**

7

Plaintiff also brings an action for intentional interference with a contractual relationship against Joyce and Taito.  To establish an intentional interference claim under Florida law, a party must show "(1) proof of the existence of a business relationship under which plaintiff has legal rights; (2) the intentional and unjustified interference with that relationship by defendant; and (3) damage to plaintiff as a result of the breach of the business relationship." *Midland Management, LLC v. Burger King Corp.*, 217 F. Supp. 2d 1261, 1265–66 (S.D. Fla. 2001).

Defendants argue that Plaintiff fails to state an intentional interference claim because (1) Joyce and Taito are not strangers to the contractual relationship and (2) regardless of whether Plaintiff has presented sufficient facts to satisfy each of the claim's elements, the claim is barred by Florida's single-action rule.

First, under Florida law, the general rule is that "[f]or the interference to be unjustified, the interfering defendant must be a third party, a stranger to the business relationship." *Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So. 2d 381, 385–86 (Fla. Dist. Ct. App. 1999). "Florida courts have also clarified that the privilege to interference 'enjoyed by a party that is integral to the business relationship is not absolute. The privilege is divested when the defendant acts solely with ulterior purposes and the advice is not in the principal's best interest.'" *Rudnick v. Sears, Roebuck & Co.*, 358 F. Supp. 2d 1201, 1206 (S.D. Fla. 2005) (quoting *O.E. Smith's Sons, Inc. v. George*, 545 So.2d 298, 299 (Fla. Dist. Ct. App. 1989)).

Here, Plaintiff has alleged that Joyce and Taito provided "willfully false information falsifying Plaintiff's unsportsmanlike behavior to the club for the express purpose of having him thrown off the Tennis Team." DE 1 ¶ 27.  Plaintiff alleges that Joyce and Taito's "motivation was intentional and malicious, and . . . was designed to malicious [*sic*] hurt Plaintiff and prevent others

8

from coming forward against Joyce." *Id.* ¶ 30.  Based on these allegations, the Court is prepared to infer that Joyce and Taito acted solely with ulterior purposes.  Furthermore, it would not be unreasonable to infer that the alleged behavior was not in the Club's best interest, although it is a closer call.

Second, "[i]n Florida, a single publication gives rise to a single cause of action." *Callaway Land & Cattle Co. v. Banyon Lakes C. Corp.*, 831 So. 2d 204, 208 (Fla. Dist. Ct. App. 2002).  "The rule is designed to prevent plaintiffs from circumventing a valid defense to defamation by recasting essentially the same facts into several causes of action all meant to compensate for the same harm." *Gannett Co., Inc. v. Anderson*, 947 So. 2d 1, 13 (Fla. Dist. Ct. App. 2006).  "When claims are based on analogous underlying facts and the causes of action are intended to compensate for the same alleged harm, a plaintiff may not proceed on multiple counts for what is essentially the same defamatory publication or event." *Klayman v. Jud. Watch, Inc.*, 22 F. Supp. 3d 1240, 1256 (S.D. Fla. 2014), *aff'd* (Feb. 17, 2015).

Here, Plaintiff alleges that Joyce and Taito intentionally interfered with the contractual relationship between Plaintiff and the Club "by providing willfully false information falsifying Plaintiff's unsportsmanlike behavior to the club for the express purpose of having him thrown off the Tennis Team." DE 1 ¶ 27.  The basis for Plaintiff's intentional interference arises from the same publication and underlying facts as Plaintiff's defamation claim.  The Court is not persuaded that Plaintiff's further allegation—that Joyce and Taito "advocat[ed] for [Plaintiff's] life time ban from the team"—meaningfully provides an independent factual basis for an intentional interference claim. *Id.* ¶ 28; *see Fridovich v. Fridovich*, 598 So. 2d 65, 70 (Fla. 1992) (stating that recovery for separate causes of action is proper when they "are properly pled upon the existence

of independent facts"). The Court is particularly unpersuaded because Plaintiff alleges the same underlying harm for his defamation and intentional interference counts—being "banned for life from the Tennis Team, the only reason he joined the club"—as well as the same damages, paying dues without receiving any corresponding benefit. DE 1 ¶¶ 32, 42; *see also Callaway Land & Cattle Co.*, 831 So. 2d at 208 (explaining that Florida's single-action rule applies when "[t]he various injuries resulting from [the same underlying publication] are merely items of damage arising from the same wrong").

Plaintiff's intentional interference claim is based on the same core of facts and intends to compensate for the same harm as does Plaintiff's defamation claim. Because Plaintiff's assertion of the intentional interference claim runs afoul of Florida's single-action rule,[1] Defendant's motion to dismiss is **GRANTED**. Plaintiff's intentional interference claim is dismissed with leave to amend. To the extent that Plaintiff re-pleads an intentional interference claim based on independent facts, Plaintiff must also more clearly allege all elements of the claim, including factual allegations to more clearly support why an intentional interference may lie against Joyce and Taito as employees of the Club.

## IV.  CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED**:

1. Defendants' Motion to Dismiss is **GRANTED**.

---

[1] The Court also questions how Florida's single-action rule applies to federal claims. In other words, if Florida law precludes Plaintiff from bringing a state interference claim together with a state defamation claim, would Florida law also preclude Plaintiff from bringing a state defamation claim together with a federal discrimination claim, provided the claims are based upon the same factual predicate? To clarify, the Court does not question whether Florida law precludes the filing of a *federal* cause of action (discrimination), but instead whether Florida law precludes the filing of a *state* cause of action (defamation) if it is filed in conjunction with a federal cause of action based upon the same facts, seeking the same relief, and so forth. This issue was not briefed by the parties, but future argument on this subject should address the Court's concerns.

        2.        Plaintiff's claims are **DISMISSED** with leave to amend as more fully set forth above.

        3.        Plaintiff shall file any amended complaint no later than May 12, 2025.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 28th day of April, 2025.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record